GAS BUTANO, S. A., and Banco Nacional de Transportes, S. A., Appellants,

v.

Amelia RODRIGUEZ et vir, Appellees.

No. 14224.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 29, 1964.

Tom N. Goodwin, Laredo, for appellants.

Hall, Hall & Juarez, Laredo, for appellees.

MURRAY, Chief Justice.

This suit was instituted in the District Court of Webb County, Texas, by appellee, Amelia Rodriguez, joined pro forma by her husband, Ernesto Rodriguez, against Gas Butano, S. A., a Mexican corporation having its office and principal place of business in Nuevo Laredo, Tamaulipas, Mexico, seeking the amount of principal, interest and attorney's fees due upon a certain promissory note, dated August 29, 1960, payable at the residence of appellee in Laredo, Webb County, Texas, in the principal sum of $6,-800.00, bearing interest at the rate of 10% per annum, and providing for 10% attorney's fees. The note was signed Gas Butano, S. A., by Zaragoza Castano Guajardo,

and became due and payable on September 30, 1962.

Appellant Gas Butano, S. A., answered, (1) that the trial court, in the exercise of sound discretion, should decline to take jurisdiction of the subject matter because it was and had been in receivership under an order of the 12th Judicial District Court of the Republic of Mexico since October 30, 1959, and that the note made the basis of plaintiff's suit was in renewal of a previous indebtedness, and was made payable in Laredo, Webb County, Texas, in an attempt to give the court jurisdiction to the end that appellee would not have to wait her turn for payment if she filed her claim in the Mexican Court; that defendant was a Mexican Corporation, engaged in the sale of butane gas to consumers throughout the Republic of Mexico, and the extent of its business in the State of Texas was loading its tanks at the plant of the seller in Laredo, Texas, and returning the same day to Nuevo Laredo, Mexico, via the International Bridge; (2) that there was no consideration for the renewal of the note.

Before trial, Banco Nacional de Transportes, S. A., a Mexican corporation, intervened in the cause alleging that it had a judgment against Gas Butano, S. A., and sought a judgment by the trial court on said Mexico judgment.

The trial court granted judgment in appellees' favor in the sum of $9,469.88 against Gas Butano, S. A., and decreed that intervener Banco Nacional de Transportes, S. A., take nothing, and both have prosecuted this appeal.

Gas Butano's first contention is that the trial court erred in overruling its motion to decline jurisdiction of the subject matter, because the greater weight of credible testimony shows that said court was a forum non conveniens to determine the rights of the parties relative to the subject matter here involved.

We overrule this contention. The payee of the note was an American citizen

**544**

residing at Laredo, Texas, and the note was payable at her residence in Laredo. The maker of the note was a Mexican Corporation with its office and principal place of business in Nuevo Laredo, Mexico, just across the Rio Grande River from Laredo, Texas. Under such circumstances we see no reason why the trial court should not have retained jurisdiction of this cause. It is true that in October, 1959, a Mexican tribunal rendered judgment against Gas Butano in favor of Banco Nacional de Transportes, S. A., in the sum of $831,-070.30 (Mexican currency) and all of the assets of Gas Butano were attached and a trustee appointed for the benefit of creditors, however, this would constitute no reason why the Laredo Court should refuse the jurisdiction of this suit based upon a promissory note payable to a United States citizen at her residence in Laredo, Texas.

Appellant cites a number of cases in which courts have declined to take jurisdiction under the doctrine of "forum non conveniens" but none of them are similar to the case at bar. The question here is whether this suit, based upon a promissory note payable in Laredo, Texas, can be more conveniently tried on the south side of the Rio Grande than on the north side. Apparently there is no defense to the obligation contained in the note, on either side of the river.

The fact that after the judgment was rendered appellees caused an execution to issue, and the Sheriff of Webb County levied upon a trailer of Gas Butano in Laredo, while it was being loaded to return to Nuevo Laredo, Mexico, does not demonstrate that the trial court abused its discretion in taking jurisdiction of this suit based upon a promissory note payable to a United States citizen in Laredo, Texas.

■ There was a valid consideration for the note, as the money was loaned to the corporation and the note was signed in the name of the corporation by the president, owner, and then acting trustee in receivership of appellant Gas Butano, S. A.

■ The trial court did not err in failing to render judgment in favor of intervener, Banco Nacional de Transportes, S. A., on its purported judgment of the Mexican Court, for the reason that there were no pleadings or evidence to support such a judgment. Appellee was not shown to be a party to the suit in which the Mexico judgment was rendered, nor was the amount presently due on the note shown.

The judgment of the trial court is affirmed.