Dennis EASTER, Appellant,

v.

**TECHNETICS MANAGEMENT CORPORATION, Appellee.**

No. 01–02–01015–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 29, 2004.

Douglas H. Maddux, Jr., Humble, for Appellant.

Robert L. Paddock, Thompson & Knight, LLP, Tye C. Hancock, Houston, and Jason A. Stuart, Little Rock, for Appellee.

Panel consists of Justices NUCHIA, ALCALA, and HANKS.

## OPINION

ELSA ALCALA, Justice.

Appellant, Dennis Easter, sued appellee, Technetics Management Corporation, for wrongful discharge, hostile work environment, and other employment-related claims. The trial court dismissed Easter's entire case on Technetics' motion to dismiss for forum non conveniens. Easter brings two issues in which he contends that Technetics did not meet its burden to warrant the dismissal and challenges the sufficiency of the evidence to support the trial court's ruling. We reverse and remand.

### Undisputed Facts

Technetics is an Arkansas corporation with headquarters in Little Rock, Arkansas. Technetics is an information-technology and management company that employs consultants who work within other businesses. One of these businesses was Bankcorp South, in Tupelo, Mississippi. Technetics assigned Easter and several other consultants to the bank's operations center, where they ran and maintained the bank's mainframe computer and information systems.

Easter had been working for Technetics at Bankcorp South's Tupelo offices for approximately 18 months when he requested and obtained a two-month leave of absence. While on leave and before his scheduled return date, Easter requested temporary permission to perform his work in Tupelo by remote-access dial up connection from his residence in Texas. When

this request was initially denied, Easter filed an EEOC complaint and later asserted concerns about his physical safety in Tupelo. Technetics agreed to accommodate Easter's request on a temporary basis, but terminated him approximately nine months later, claiming multiple violations of the company's written policies. Easter sued Technetics based on that termination.

## Procedural Background

Easter's pleadings consistently allege that he is a Texas resident, specifically, a resident of Humble, in Harris County, Texas, and that his complaints originated in Texas. Technetics filed a special appearance, supported by the affidavits of two of its corporate officers, and moved to dismiss Easter's lawsuit for lack of personal jurisdiction. See TEX.R. CIV. P. 120a. After Easter moved to amend his claims, Technetics filed supplemental and amended affidavits. The trial court conducted an oral hearing on Technetics' special appearance, requested supplemental briefing by the parties on the issue of internet jurisdiction, but ultimately issued an order denying the special appearance. In that same order, the trial court ordered parties to brief the issue of forum non conveniens within 30 days.

Technetics formally moved to dismiss on forum-non-conveniens grounds, filed a supporting brief of authorities, and set the motion for written submission to the trial court. Easter filed a response to the motion and also requested an oral hearing "to have an opportunity to present evidence." Although he did not file a brief of authorities, Easter's response, through his counsel, reasserted Easter's status as a Texas resident and pointed out that Technetics had not contested that status or that Easter had performed work for Technetics in Harris County and was terminated in Harris County. The trial court dismissed appellant's claims on forum-non-conveniens grounds.

Easter's two issues present similar challenges to the trial court's discretionary decision to dismiss Easter's claims on forum-non-conveniens grounds. Easter's first issue challenges the legal and factual sufficiency of the evidence to support the dismissal; the second issue challenges whether Technetics met its burden to prove that dismissal on forum-non-conveniens grounds was proper. We address these issues together.

## Forum Non Conveniens

■■■ Courts exercise the equitable doctrine of forum non conveniens to resist imposing an inconvenient jurisdiction on a litigant. See In re Smith Barney, Inc., 975 S.W.2d 593, 596 (Tex.1998). Dismissal on forum-non-conveniens grounds ensures that cases will be heard in the most proper and convenient forum and prevents cases from being heard in a forum that is fundamentally unfair to the defendant or to the public. See id. Forum non conveniens may be available even if long-arm jurisdiction over the defendant exists and would not violate due process principles. See id.; Baker v. Bell Helicopter Textron, Inc., 985 S.W.2d 272, 274 (Tex.App.-Fort Worth 1999, pet. denied).

### A. Standard of Review

■■■ Dismissals on forum-non-conveniens grounds are discretionary, and we review the trial court's ruling for abuse of discretion. Baker, 985 S.W.2d at 277. A trial court abuses its discretion by acting without reference to any guiding rules or principles. See Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex.1997). The legal and factual sufficiency of evidence to support the findings that underlie a trial court's decision are relevant factors in assessing whether the trial court abused its discretion. See Baker, 985 S.W.2d at 277. We review sufficiency challenges under well-settled standards. E.g., Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706,

711 (Tex.1997) (legal sufficiency); *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986) (factual sufficiency).

## B. Availability of Forum Non Conveniens in General

Texas courts traditionally applied forum non conveniens as a common-law rule in all types of cases. *See Dow Chem. Co. v. Alfaro,* 786 S.W.2d 674, 676–78 (Tex.1990). In construing the version of section 71.031 of the Civil Practice and Remedies Code then in effect as affording non-residents a right to file suit in Texas courts for personal injuries and wrongful death that occurred in other states, the Supreme Court of Texas concluded, in *Alfaro,* that section 71.031 had statutorily abolished the availability of forum non conveniens in those cases. *Id.* at 679 (construing TEX. CIV. PRAC. & REM.CODE ANN. § 71.031, the "borrowing statute" for limitations).

In 1993, the 73rd Legislature responded to the *Alfaro* decision by enacting section 71.051 of the Texas Civil Practice and Remedies Code, which reinstated the doctrine of forum non conveniens for suits involving personal injury and death. *See In re Smith Barney, Inc.,* 975 S.W.2d at 597 (noting that legislature "reaffirmed" the doctrine by amending section 71.051 "to alter" the *Alfaro* holding); *Tullis v. Georgia–Pacific Corp.,* 45 S.W.3d 118, 123 (Tex.App.-Fort Worth 2000, no pet.) (citing HOUSE COMM. ON CIVIL PRACTICES BILL ANALYSIS, Tex. S.B. 220, 75th Leg., R.S. (May 23, 1997) (discussing history of section 71.051)). For personal-injury or wrongful-death suits, section 71.051 provides both a procedural framework and the substantive elements that a defendant must meet to obtain a dismissal on the grounds of forum non conveniens. TEX. CIV. PRAC. & REM. CODE ANN. § 71.051(b), (h)(1) (Vernon 1997); *see Owens Corning v. Carter,* 997 S.W.2d 560, 564 (Tex.1999); *Tullis,* 45 S.W.3d at 123.

■ Because section 71.051 applies only to claims of personal injury or wrongful death, the prior common law of forum non conveniens governs all other claims. *See Alfaro,* 786 S.W.2d at 676–678 (tracing common-law history of doctrine); *Tullis,* 45 S.W.3d at 123 (referring to section 71.051 as "effectively reinstating" the common-law doctrine). Easter's employment-based claims are thus controlled by the common law of forum non conveniens. Because the statute codified the common law, *Tullis,* 45 S.W.3d at 123, the principles that underlie the statute apply equally in the common-law context.

## C. Availability of Forum Non Conveniens against Individual Texas Resident

■ Section 71.051(b) of the Civil Practices and Remedies Code controls assertions of forum non conveniens against a plaintiff who has sued for personal injury or wrongful death and is a legal resident of the United States.[1] TEX. CIV. PRAC. & REM.

---

1. Section 71.051(b) provides as follows:

   (b) With respect to a plaintiff who is a legal resident of the United States, on written motion of a party, a claim or action to which this section applies may be stayed or dismissed in whole or in part under the doctrine of forum non conveniens if the party seeking to stay or dismiss the claim or action proves by a preponderance of the evidence that:
   (1) an alternative forum exists in which the claim or action may be tried;

   (2) the alternate forum provides an adequate remedy;
   (3) maintenance of the claim or action in the courts of this state would work a substantial injustice to the moving party;
   (4) the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the plaintiff's claim;
   (5) the balance of the private interests of the parties and the public interest of the state predominate in favor of the claim or

CODE ANN. § 71.051(b) (Vernon Supp.2004). In addition to undisputed status as a legal resident of the United States, however, Easter's pleadings asserted that he is a resident of Texas. Technetics has never disputed or otherwise challenged that assertion.

Pursuant to section 71.051(e) of the forum-non-conveniens statute, a trial court may not dismiss a plaintiff's personal-injury or wrongful-death claim "if the plaintiff is a legal resident of this state." TEX. CIV. PRAC. & REM.CODE ANN. § 71.051(e) (Vernon Supp.2004); *see also Owens Corning,* 997 S.W.2d at 564, 569 (Tex.1999) (rejecting contention that section 71.051(e)'s prohibition against dismissing claims of Texas resident-citizens on forum-non-conveniens grounds, while permitting dismissal of claim by nonresident noncitizen, violates privileges and immunities clause of federal constitution). As the supreme court stated in *Owens Corning,* section 71.051 "plainly requires that the plaintiff be a resident of Texas to avoid dismissal." *Owens Corning,* 997 S.W.2d at 570.

In precluding dismissal of a Texas resident's claims, section 71.051(e) echoes settled common law that upholds the absolute right of Texas residents to sue in Texas courts. *See Van Winkle–Hooker Co. v. Rice,* 448 S.W.2d 824, 827–28 (Tex.Civ. App.-Dallas 1969, no writ) (holding that trial court erred by dismissing breach of contract claims by Texas resident on grounds of forum non conveniens); *Gas Butano, S.A. v. Rodriguez,* 375 S.W.2d 542, 543–44 (Tex.Civ.App.-San Antonio 1964, no writ) (holding that trial court did not err by denying motion of nonresident Mexican corporation to dismiss claims of Texas resident on grounds of forum non

action being brought in an alternate forum; and
(6) the stay or dismissal would not result in unreasonable duplication or proliferation of litigation.

conveniens); *see also* TEX. CONST. art. 1, § 13 ("open courts" provision).

Technetics defends the trial court's dismissal under *A.P. Keller Dev., Inc. v. One Jackson Place, Ltd.,* 890 S.W.2d 502 (Tex. App.-El Paso 1994, no pet.), which upheld a discretionary dismissal of a Texas corporation's suit for breach of contract on forum-non-conveniens grounds. We first distinguish *A.P. Keller* on its facts. The dismissed plaintiff, although licensed to do business in Texas and with principal offices in Houston, was not a private citizen, but a corporation licensed to do business in Texas. 890 S.W.2d at 504. We further distinguish and decline to follow *A.P. Keller* because it conflicts with settled law that prohibits dismissing the claims of a Texas resident on forum-non-conveniens grounds. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 71.051(b) (Vernon 1997) (statutory prohibition for personal-injury and wrongful-death claims); *Owens Corning,* 997 S.W.2d at 564, 570 (construing same); *Van Winkle–Hooker Co.* 448 S.W.2d at 827–28 (common-law prohibition); *Gas Butano, S.A.,* 375 S.W.2d at 544 (same); *compare In re Smith Barney,* 975 S.W.2d at 597–98 (corporation merely qualified to do business in Texas has no absolute right to sue nonresidents in Texas courts and cannot bar dismissal of claims on forum-non-conveniens grounds).

■ We will sustain a legal-sufficiency issue when the record discloses (1) a complete absence of evidence of a vital fact; (2) that the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) that the evidence offered to prove a vital fact ·is no more than a mere scintilla of

TEX. CIV. PRAC. & REM.CODE ANN. § 71.051(b) (Vernon 1997).

826

evidence; or (4) that the evidence establishes conclusively the opposite of a vital fact. *See Merrell Dow Pharm.*, 953 S.W.2d at 711. To prevail on its motion to dismiss for forum non conveniens against Easter, a claimed Texas resident, the controlling law required that Technetics negate Easter's claimed status as a Texas resident.

Although the record reflects abundant evidence that might otherwise support dismissal for forum non conveniens, there is no evidence that disputes or challenges Easter's status as a Texas resident. Because Easter's status as a Texas resident was thus undisputed, the settled prohibition against dismissing the claims of a Texas resident barred the trial court from granting Technetics' motion to dismiss on forum-non-conveniens grounds. *See Merrell Dow*, 953 S.W.2d at 711. Accordingly, we sustain the legal-sufficiency challenge asserted in Easter first issue. Because Technetics did not dispute Easter's status as a Texas resident, Technetics did not meet its burden of proof on forum-non-conveniens grounds, and the trial court abused its discretion by dismissing Easter's claims on that basis. Accordingly, we conclude that the trial court abused its discretion and sustain Easter's second issue.

### Conclusion

We reverse the judgment of the trial court and remand the cause.