Opinion issued January 29, 2004










In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01015-CV




DENNIS EASTER, Appellant

V.

TECHNETICS MANAGEMENT CORPORATION, Appellee




On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 01-65547




O P I N I O N
          Appellant, Dennis Easter, sued appellee, Technetics Management Corporation,
for wrongful discharge, hostile work environment, and other employment-related
claims. The trial court dismissed Easter’s entire case on Technetics’ motion to
dismiss for forum non conveniens. Easter brings two issues in which he contends that
Technetics did not meet its burden to warrant the dismissal and challenges the
sufficiency of the evidence to support the trial court’s ruling. We reverse and
remand.
Undisputed Facts
          Technetics is an Arkansas corporation with headquarters in Little Rock,
Arkansas. Technetics is an information-technology and management company that
employs consultants who work within other businesses. One of these businesses was
Bankcorp South, in Tupelo, Mississippi. Technetics assigned Easter and several
other consultants to the bank’s operations center, where they ran and maintained the
bank’s mainframe computer and information systems. 
          Easter had been working for Technetics at Bankcorp South’s Tupelo offices for
approximately 18 months when he requested and obtained a two-month leave of
absence. While on leave and before his scheduled return date, Easter requested
temporary permission to perform his work in Tupelo by remote-access dial up
connection from his residence in Texas. When this request was initially denied,
Easter filed an EEOC complaint and later asserted concerns about his physical safety
in Tupelo. Technetics agreed to accommodate Easter’s request on a temporary basis,
but terminated him approximately nine months later, claiming multiple violations of
the company’s written policies. Easter sued Technetics based on that termination. 
Procedural Background
          Easter’s pleadings consistently allege that he is a Texas resident, specifically,
a resident of Humble, in Harris County, Texas, and that his complaints originated in
Texas. Technetics filed a special appearance, supported by the affidavits of two of
its corporate officers, and moved to dismiss Easter’s lawsuit for lack of personal
jurisdiction. See Tex. R. Civ. P. 120a. After Easter moved to amend his claims,
Technetics filed supplemental and amended affidavits. The trial court conducted an
oral hearing on Technetics’ special appearance, requested supplemental briefing by
the parties on the issue of internet jurisdiction, but ultimately issued an order denying
the special appearance. In that same order, the trial court ordered parties to brief the
issue of forum non conveniens within 30 days. 
          Technetics formally moved to dismiss on forum-non-conveniens grounds, filed
a supporting brief of authorities, and set the motion for written submission to the trial
court. Easter filed a response to the motion and also requested an oral hearing “to
have an opportunity to present evidence.” Although he did not file a brief of
authorities, Easter’s response, through his counsel, reasserted Easter’s status as a
Texas resident and pointed out that Technetics had not contested that status or that
Easter had performed work for Technetics in Harris County and was terminated in
Harris County. The trial court dismissed appellant’s claims on forum-non-conveniens
grounds. 
          Easter’s two issues present similar challenges to the trial court’s discretionary
decision to dismiss Easter’s claims on forum-non-conveniens grounds. Easter’s first
issue challenges the legal and factual sufficiency of the evidence to support the
dismissal; the second issue challenges whether Technetics met its burden to prove
that dismissal on forum-non-conveniens grounds was proper. We address these
issues together. 
Forum Non Conveniens 
          Courts exercise the equitable doctrine of forum non conveniens to resist
imposing an inconvenient jurisdiction on a litigant. See In re Smith Barney, Inc., 975
S.W.2d 593, 596 (Tex. 1998). Dismissal on forum-non-conveniens grounds ensures
that cases will be heard in the most proper and convenient forum and prevents cases
from being heard in a forum that is fundamentally unfair to the defendant or to the
public. See id. Forum non conveniens may be available even if long-arm jurisdiction
over the defendant exists and would not violate due process principles. See id.; Baker
v. Bell Helicopter Textron, Inc., 985 S.W.2d 272, 274 (Tex. App.—Fort Worth 1999,
pet. denied). 
A.      Standard of Review
          Dismissals on forum-non-conveniens grounds are discretionary, and we review
the trial court’s ruling for abuse of discretion. Baker, 985 S.W.2d at 277. A trial
court abuses its discretion by acting without reference to any guiding rules or
principles. See Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997). The legal and
factual sufficiency of evidence to support the findings that underlie a trial court’s
decision are relevant factors in assessing whether the trial court abused its discretion. 
See Baker, 985 S.W.2d at 277. We review sufficiency challenges under well-settled
standards. E.g., Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex.
1997) (legal sufficiency); Cain v. Bain, 709 S.W.2d 175, 176 (Tex.1986) (factual
sufficiency). 
B.      Availability of Forum Non Conveniens in General
          Texas courts traditionally applied forum non conveniens as a common-law rule
in all types of cases. See Dow Chem. Co. v. Alfaro, 786 S.W.2d 674, 676-78 (Tex.
1990). In construing the version of section 71.031 of the Civil Practice and Remedies
Code then in effect as affording non-residents a right to file suit in Texas courts for
personal injuries and wrongful death that occurred in other states, the Supreme Court
of Texas concluded, in Alfaro, that section 71.031 had statutorily abolished the
availability of forum non conveniens in those cases. Id. at 679 (construing Tex. Civ.
Prac. & Rem. Code Ann. § 71.031, the “borrowing statute” for limitations). 
          In 1993, the 73rd Legislature responded to the Alfaro decision by enacting
section 71.051 of the Texas Civil Practice and Remedies Code, which reinstated the
doctrine of forum non conveniens for suits involving personal injury and death. See
In re Smith Barney, Inc., 975 S.W.2d at 597 (noting that legislature “reaffirmed” the
doctrine by amending section 71.051 “to alter” the Alfaro holding); Tullis v.
Georgia-Pacific Corp., 45 S.W.3d 118, 123 (Tex. App.—Fort Worth 2000, no pet.)
(citing House Comm. on Civil Practices Bill Analysis, Tex. S.B. 220, 75th Leg.,
R.S. (May 23, 1997) (discussing history of section 71.051)). For personal-injury or
wrongful-death suits, section 71.051 provides both a procedural framework and the
substantive elements that a defendant must meet to obtain a dismissal on the grounds
of forum non conveniens. Tex. Civ. Prac. & Rem. Code Ann. § 71.051(b), (h)(1)
(Vernon 1997); see Owens Corning v. Carter, 997 S.W.2d 560, 564 (Tex. 1999); 
Tullis, 45 S.W.3d at 123. 
          Because section 71.051 applies only to claims of personal injury or wrongful
death, the prior common law of forum non conveniens governs all other claims. See
Alfaro, 786 S.W.2d at 676-678 (tracing common-law history of doctrine); Tullis, 45
S.W.3d at 123 (referring to section 71.051 as “effectively reinstating” the common-law doctrine). Easter’s employment-based claims are thus controlled by the common
law of forum non conveniens. Because the statute codified the common law, Tullis,
45 S.W.3d at 123, the principles that underlie the statute apply equally in the
common-law context. 
C.      Availability of Forum Non Conveniens against Individual Texas Resident
          Section 71.051(b) of the Civil Practices and Remedies Code controls assertions
of forum non conveniens against a plaintiff who has sued for personal injury or
wrongful death and is a legal resident of the United States.


 Tex. Civ. Prac. & Rem.
Code Ann. § 71.051(b) (Vernon Supp. 2004). In addition to undisputed status as a
legal resident of the United States, however, Easter’s pleadings asserted that he is a
resident of Texas. Technetics has never disputed or otherwise challenged that
assertion. 
          Pursuant to section 71.051(e) of the forum-non-conveniens statute, a trial court
may not dismiss a plaintiff’s personal-injury or wrongful-death claim “if the plaintiff
is a legal resident of this state.” Tex. Civ. Prac. & Rem. Code Ann. § 71.051(e)
(Vernon Supp. 2004); see also Owens Corning, 997 S.W.2d at 564, 569 (Tex. 1999)
(rejecting contention that section 71.051(e)’s prohibition against dismissing claims
of Texas resident-citizens on forum-non-conveniens grounds, while permitting
dismissal of claim by nonresident noncitizen, violates privileges and immunities
clause of federal constitution). As the supreme court stated in Owens Corning,
section 71.051 “plainly requires that the plaintiff be a resident of Texas to avoid
dismissal.” Owens Corning, 997 S.W.2d at 570. 
          In precluding dismissal of a Texas resident’s claims, section 71.051(e) echoes
settled common law that upholds the absolute right of Texas residents to sue in Texas
courts. See Van Winkle-Hooker Co. v. Rice, 448 S.W.2d 824, 827-28 (Tex. Civ.
App.—Dallas 1969, no writ) (holding that trial court erred by dismissing breach of
contract claims by Texas resident on grounds of forum non conveniens); Gas Butano,
S.A. v. Rodriguez, 375 S.W.2d 542, 543-44 (Tex. Civ. App.—San Antonio 1964, no
writ) (holding that trial court did not err by denying motion of nonresident Mexican
corporation to dismiss claims of Texas resident on grounds of forum non conveniens);
see also Tex. Const. art. 1, § 13 (“open courts” provision). 
          Technetics defends the trial court’s dismissal under A.P. Keller Dev., Inc. v.
One Jackson Place, Ltd., 890 S.W.2d 502 (Tex. App.—El Paso 1994, no pet.), which
upheld a discretionary dismissal of a Texas corporation’s suit for breach of contract
on forum-non-conveniens grounds. We first distinguish A.P. Keller on its facts. The
dismissed plaintiff, although licensed to do business in Texas and with principal
offices in Houston, was not a private citizen, but a corporation licensed to do business
in Texas. 890 S.W.2d at 504. We further distinguish and decline to follow A.P.
Keller because it conflicts with settled law that prohibits dismissing the claims of a
Texas resident on forum-non-conveniens grounds. See Tex. Civ. Prac. & Rem.
Code Ann. § 71.051(b) (Vernon 1997) (statutory prohibition for personal-injury and
wrongful-death claims); Owens Corning, 997 S.W.2d at 564, 570 (construing same);
Van Winkle-Hooker Co. 448 S.W.2d at 827-28 (common-law prohibition); Gas
Butano, S.A., 375 S.W.2d at 544 (same); compare In re Smith Barney, 975 S.W.2d
at 597-98 (corporation merely qualified to do business in Texas has no absolute right
to sue nonresidents in Texas courts and cannot bar dismissal of claims on forum-non-conveniens grounds). 
          We will sustain a legal-sufficiency issue when the record discloses (1) a
complete absence of evidence of a vital fact; (2) that the court is barred by rules of
law or evidence from giving weight to the only evidence offered to prove a vital fact;
(3) that the evidence offered to prove a vital fact is no more than a mere scintilla of
evidence; or (4) that the evidence establishes conclusively the opposite of a vital fact. 
See Merrell Dow Pharm., 953 S.W.2d at 711. To prevail on its motion to dismiss for
forum non conveniens against Easter, a claimed Texas resident, the controlling law
required that Technetics negate Easter’s claimed status as a Texas resident. 
          Although the record reflects abundant evidence that might otherwise support
dismissal for forum non conveniens, there is no evidence that disputes or challenges
Easter’s status as a Texas resident. Because Easter’s status as a Texas resident was
thus undisputed, the settled prohibition against dismissing the claims of a Texas
resident barred the trial court from granting Technetics’ motion to dismiss on forum-
non-conveniens grounds. See Merrell Dow, 953 S.W.2d at 711. Accordingly, we
sustain the legal-sufficiency challenge asserted in Easter first issue. Because
Technetics did not dispute Easter’s status as a Texas resident, Technetics did not meet
its burden of proof on forum-non-conveniens grounds, and the trial court abused its
discretion by dismissing Easter’s claims on that basis. Accordingly, we conclude that
the trial court abused its discretion and sustain Easter’s second issue. 
Conclusion
          We reverse the judgment of the trial court and remand the cause.
 

                                                             Elsa Alcala
                                                             Justice

Panel consists of Justices Nuchia, Alcala, and Hanks.