**Reverse and Remand and Opinion Filed June 9, 2023**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00125-CV

**JAMES SCOTT MUNRO, AUDREY PEREZ, AND INTRINSIC CAPITAL CORP., Appellants**
**V.**
**AMANDIP JAGPAL, HARPREET HAYER, WALTER PARIS, Appellees**

**On Appeal from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-00924-2017**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Molberg

Appellants James Munro, Audrey Perez, and Intrinsic Capital Corporation appeal the trial court's order granting appellees' motion to dismiss based on common law forum non conveniens. First, appellants contend the trial court erred by granting the motion given appellees, as plaintiffs, chose the forum and then litigated through summary judgment. Second, appellants argue the trial court erred by granting the motion to dismiss because in doing so the court "nullif[ied] the summary judgment rulings already in place" that had dismissed claims on the merits. Because we

conclude appellees waived reliance on the doctrine of forum non conveniens, we reverse in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## I. Background

The underlying dispute between the parties in this cause concerns the ownership and control of Intrinsic Capital Corporation (Intrinsic), which is a holding company for shares of Cannabis Science, Inc. stock. Appellees Amandip Jagpal, Harpreet Hayer, and Walter Paris claim majority ownership of Intrinsic, while appellants James Munro and Audrey Perez claim Munro was its 100 percent shareholder, and that no one, other than Munro, held any ownership or control of Intrinsic. In 2017, appellant Munro attempted to sell Intrinsic's Cannabis Science shares with the help of consultant Issuer Solutions, and they utilized a Collin County, Texas-based transfer agent, Securities Transfer Corporation (STC), to do so. Appellees, claiming they were the majority owners of Intrinsic, demanded STC cease from transferring any of the Cannabis Science shares.

On February 27, 2017, appellees Jagpal, Hayer, and Paris, and appellant Intrinsic,[1] filed an original petition in Collin County, Texas, alleging claims of fraud, breach of contract, breach of fiduciary duty, conspiracy to defraud, conversion, tortious interference, and aiding and abetting against Munro, Perez, Issuer Solutions, LLC, and STC. Munro and Perez are residents of Canada, Issuer Solutions is a

---

[1] Though Intrinsic was one of the original plaintiffs in this cause, it is before this Court as an appellant, joining Munro and Perez in challenging the trial court's dismissal.

Colorado entity, and STC is a Texas corporation based in Plano. Jagpal, Hayer, and Paris alleged they were the majority shareholders of Intrinsic. Appellant Munro, they alleged, held Jagpal's, Hayer's, and Paris's shares in Intrinsic as trustee.

Appellees alleged in their petition that Munro "schemed to take over Intrinsic and lock out his trust beneficiaries" and appointed Perez, his wife, as director and president of Intrinsic. Munro then caused Intrinsic to enter into an agreement with Issuer Solutions under which the latter provided strategy, ideas, and networking regarding business, products, and services. Intrinsic paid for this consulting with 21,400,000 shares of Cannabis Science stock. Munro delivered this stock to STC, which was to transfer the shares to Issuer Solutions March 1, 2017. Appellees alleged Munro and Perez then abandoned Intrinsic.

Appellees became aware of this course of events in February 2017 and launched legal proceedings in British Columbia, where they reside. Appellees moved to return Intrinsic to "good standing" with the Nevada Secretary of State and to make Jagpal and Hayer its board of directors. They sought to stop the transfer of the 21,400,000 shares of stock from STC to Issuer Solutions. Appellees alleged Munro and Perez's "misdeeds" are the subject of the British Columbia lawsuit, which was pending when appellees filed their petition in Collin County. In the Collin County suit, appellees brought claims for fraud, breach of contract, breach of fiduciary duty, conspiracy to defraud, conversion, tortious interference, and aiding and abetting.

Appellees also filed an application for a temporary restraining order and a request for a temporary injunction. They sought to restrain appellants from transferring the stock at issue to Issuer Solutions and to enjoin appellants from "any acts or representations purportedly under the authority of [Intrinsic] or Cannabis Science." The trial court granted a temporary restraining order on March 1, 2017. Appellees filed a motion for expedited discovery on March 3, 2017, and the trial court granted the motion the same day.

Appellants filed special appearances on March 8, 2017, arguing that Munro, Perez, and Issuer Solutions were "not subject to the general or specific personal jurisdiction of the Court[.]" Appellees responded in opposition the next day. The trial court signed a temporary injunction against appellants on March 9, enjoining Munro, Perez, Issuer Solutions, and STC from transferring Cannabis Science stock from Intrinsic to Issuer Solutions, and from taking any action on behalf of Intrinsic.

Appellants filed their original answer and request for disclosure on June 29, 2018, generally denying appellees' allegations and requesting disclosures under rule of civil procedure 194. On June 29, 2018, the trial court entered an amended agreed discovery control plan and scheduling order, which, among other things, required discovery to be completed by February 11, 2019. On December 10, 2018, the parties filed expert designations.

–4–

A month later, appellants filed a motion to dissolve or modify the temporary injunction and a motion to require appellees' counsel to show authority for their representation of Intrinsic. Appellees responded on January 31, 2019.

On March 11, 2019, appellants filed their second amended answer and counterclaims. They alleged causes of action for slander of title, tortious interference with existing contracts, tortious interference with prospective business relations, conversion, intentional infliction of emotional distress, breach of fiduciary duty, violation of Nevada law, and violation of Chapter 12 of the civil practice and remedies code. They also requested declaratory relief. On April 8, 2019, appellants filed a motion for traditional and no evidence partial summary judgment, seeking a declaratory judgment that Munro is the sole owner of Intrinsic and for judgment against appellees on their conversion claim on no evidence grounds.

On April 11, 2019, the trial court entered an amended agreed proposed discovery control plan and scheduling order. A week later, appellees filed a motion to compel against Munro and Perez, arguing appellants failed to provide responses to appellees' interrogatories, requests for production, and requests for admissions.

Counsel for appellees notified the trial court on May 1, 2019, that plaintiff Paris died "on or about September 28, 2018," and plaintiff Hayer died "on or about April 13, 2019." Counsel filed a motion to withdraw on May 14, 2019, which was granted on May 30. On May 17, appellants supplemented their motion for summary

judgment, arguing, among other things, they were entitled to judgment as a matter of law on their slander of title claim.

On June 7, after a hearing, the trial court granted appellants' motion for summary judgment. The court ordered, adjudged, and decreed that Munro was the sole owner of Intrinsic, he was the ninety-six percent owner of Intrinsic Venture Corp.,[2] and Perez was the four percent owner of Intrinsic Venture Corp. The court ordered that Jagpal, Hayer, and the estates of Hayer and Paris were liable to Munro for slander of title. The court ordered that appellees' fraud, breach of contract, breach of fiduciary duty, conspiracy, conversion, and permanent injunction claims against Munro were dismissed with prejudice. Finally, the court dissolved the March 2017 temporary injunction.

On July 12, 2019, appellants sought to sever their claims against Jagpal from their claims against Hayer, Paris, and their estates, and appellants later sought to sever their declaratory judgment claims from the remaining issues in the case.

On July 16, 2020, the estate of Paris, as real party in interest, filed a motion to set aside interlocutory orders and dismiss the case based upon forum non conveniens. It argued that because the trial court "dissolved the agreed temporary injunction, and Munro has retained possession of the stock certifications once held by STC"—the sole connection to Texas—STC's involvement was over, and the

---

[2] Though not a party here, Intrinsic Venture Corp. is another entity involved in the dispute between the parties. Munro and Perez alleged in the trial court that Intrinsic Venture Corp. was Munro's consulting company owned by Munro and Perez.

–6–

remaining issues should be litigated in British Columbia. The motion was set to be heard July 23. Appellants responded, stating, among other things, that STC still "[held] the shares in Collin County, Texas and refuses to distribute them until there is a final judgment in this case." Appellants filed their third amended answer and second amended counterclaims on July 20, in which they substituted Raymond Dabney, administrator of Paris's estate, for plaintiff Paris, and Amrit Hayer, as heir to Hayer, for plaintiff Hayer. On July 24, an amended scheduling order was entered by the trial court.

On July 27, 2020, the trial court entered an order denying appellant's motion for severance and entry of final judgment; denying appellee's motion to dismiss for forum non conveniens; and granting the motion to set aside the interlocutory order on appellants' motion for summary judgment "as to deceased parties whose representatives had not been served/appeared[.]" This left in place the order granting appellants' motion for summary judgment as to appellee Jagpal, including his liability on appellants' slander of title claim.

On September 21, 2020, appellees filed a notice of nonsuit with prejudice "of all claims against" STC—the Collin County, Texas transfer agent—which the trial court granted. Just over two months later, appellees filed a "renewed motion to dismiss based upon forum non conveniens," arguing that "[w]ith STC no longer a party, this lawsuit has absolutely no connection to the State of Texas." Further, they argued, given the COVID-19 pandemic, international travel was risky, and the

dispute should accordingly be litigated in Canada. Appellants responded that STC still held the shares at issue and refused to distribute them until final judgment was entered. Appellants argued, among other things, that "it[ was] patently absurd for [appellees], the plaintiffs that chose this forum, to seek to dismiss this case after four years of litigation based on forum non conveniens. [Appellees] waived any right to contest the forum by being the ones to choose Collin County in the first place." They argued appellees "changed their minds about the forum" only after receiving adverse rulings, and that dismissing the case "would be highly prejudicial and grossly unfair to [appellants] because they would lose their favorable rulings that they fought for years to obtain."

On January 25, 2021, after a hearing, the trial court granted appellees' motion to dismiss for forum non conveniens and dismissed the case, "including all counterclaims and third party claims[.]" This appeal followed.

## II.    Discussion

A trial court will dismiss a case under the doctrine of forum non conveniens when it determines that, for the convenience of the litigants and witnesses and in the interest of justice, the action should be instituted in another forum. *In re Elamex, S.A. de C.V.*, 367 S.W.3d 879, 887 (Tex. App.—El Paso 2012, orig. proceeding). The court must first determine that an alternative, available, and adequate forum exists. *Sarieddine v. Moussa*, 820 S.W.2d 837, 841 (Tex. App.—Dallas 1991, writ denied). If such a forum exists, courts are to weigh the factors discussed in *Gulf Oil*

–8–

*Corp. v. Gilbert*, 330 U.S. 501 (1947), in determining whether the chosen forum should be disturbed. *See In re Pirelli Tire*, *LLC*, 247 S.W.3d 670, 676 (Tex. 2008) (plurality op.). The private-interest *Gulf Oil* factors "reflect the private interests of the litigants" and include:

> (1) the ease of access to sources of proof; (2) the availability of the compulsory process for attendance of unwilling witnesses; (3) the cost of obtaining the attendance of willing witnesses; (4) all other practical problems, affecting the ease and expense of the case; and (5) issues related to the enforceability of a judgment obtained in the forum.

*RSR Corp. v. Siegmund*, 309 S.W.3d 686, 710 (Tex. App.—Dallas 2010, no pet.) (citing *Gulf Oil*, 330 U.S. at 508–09). The public-interest factors "reflect the interests of the forum" and include:

> (1) the burden imposed on the citizens of the state; (2) the burden imposed on the state's court; (3) the general interest in having localized controversies decided in the jurisdiction in which they arose; and (4) the appropriateness in having a diversity case tried in a forum that is familiar with the law that must govern the case.

*Id*. "[T]he doctrine of forum non conveniens should be applied with caution, exceptionally, and only for good reasons." *Van Winkle-Hooker Co. v. Rice*, 448 S.W.2d 824, 827 (Tex. App.—Dallas 1969, no writ).

If a trial court is to decline jurisdiction on forum non conveniens grounds, "the question must be raised at a time and in a manner that will give the parties an opportunity to present evidence regarding the circumstances that are relevant to a determination of whether jurisdiction should or should not be retained." *Flaiz v. Moore*, 359 S.W.2d 872, 875 (Tex. 1962). The supreme court in *Flaiz* also discussed

New York law regarding when forum non conveniens may be raised. The court observed that some New York courts "treat the plea of forum non conveniens almost as jurisdictional[,]" allowing it to be raised "even after the case has gone to trial, and that the court may raise the objection on its own motion at any time, even on appeal." *Id*. The *Flaiz* court stated, "Whatever the rule may be in other states, it is our opinion that the absence of party contacts with the forum does not present a jurisdictional question in the sense that it might be raised for the first time on appeal or by an appellate court on its own motion." *Id*. Based on this discussion in *Flaiz*, one of our sister courts has concluded that "forum non conveniens may be raised anytime before trial." *Direct Color Services, Inc. v. Eastman Kodak Co.*, 929 S.W.2d 558, 567 (Tex. App.—Tyler 1996, writ denied). We note that conducting a summary judgment hearing is considered a "trial" for purposes of the rules of civil procedure. *See Lincoln Prop. Co. v. Kondos*, 110 S.W.3d 712, 714 (Tex. App.—Dallas 2003, no pet.). We review the trial court's determination of whether to grant or deny a motion to dismiss based on the doctrine of forum non conveniens for abuse of discretion. *Alvarez Gottwald v. Dominguez de Cano*, 568 S.W.3d 241, 245 (Tex. App.—El Paso 2019, no pet.).

Section 71.051 governs forum non conveniens in wrongful death and personal injury actions, which are not at issue here. *See* TEX. CIV. PRAC. & REM. CODE § 71.051. This statute was introduced in response to the supreme court's decision in *Dow Chem. Co. v. Castro Alfaro*, 786 S.W.2d 674 (Tex. 1990), where the court held

–10–

that the predecessor statute to § 71.031 of the Texas Civil Practice and Remedies Code[3] abolished the doctrine of forum non conveniens in wrongful death and personal injury actions. Section 71.051 provides that,

> If a court of this state, on written motion of a party, finds that in the interest of justice and for the convenience of the parties a claim or action to which this section applies would be more properly heard in a forum outside this state, the court shall decline to exercise jurisdiction under the doctrine of forum non conveniens and shall stay or dismiss the claim or action.

TEX. CIV. PRAC. & REM. CODE § 71.051(b). In determining whether to grant a motion to stay or dismiss an action under the section, courts consider factors largely mirroring the above-described common law framework. Courts shall consider whether (1) "an alternate forum exists in which the claim or action may be tried"; (2) "the alternate forum provides an adequate remedy"; (3) "maintenance of the claim or action in the courts of this state would work a substantial injustice to the moving party"; (4) "the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the plaintiff's claim"; (5) "the balance of the private interests of the parties and the public interest of the state predominate in favor of the claim or action being brought in an alternate forum, which shall include consideration of the extent to which an injury or death resulted from acts or omissions that occurred in this state"; and (6) "the stay

---

[3] "An action for damages for the death or personal injury of a citizen of this state, of the United States, or of a foreign country may be enforced in the courts of this state, although the wrongful act, neglect, or default causing the death or injury takes place in a foreign state or country . . . ." TEX. CIV. PRAC. & REM. CODE § 71.031.

or dismissal would not result in unreasonable duplication or proliferation of litigation." *Id.*

Section 71.051 forum non coveniens motions must be brought within a period of time established in the statute. A motion "is timely if it is filed not later than 180 days after the time required for filing a motion to transfer venue of the claim or action." *Id.* § 71.051(d). A motion to transfer venue, in turn, "is waived if not made by written motion filed prior to or concurrently with any other plea, pleading or motion[,]" excepting a special appearance. TEX. R. CIV. P. 86. Though § 71.051 only applies in wrongful death and personal injury cases, it has "deep roots in the common law," and thus helps inform our understanding of the common law doctrine of forum non conveniens at issue here. *See Quixtar Inc. v. Signature Mgmt. Team, LLC*, 315 S.W.3d 28, 32 (Tex. 2010); *see also Easter v. Technetics Mgmt. Corp.*, 135 S.W.3d 821, 824 (Tex. App.—Houston [1st Dist.] 2004, pet. granted, judgm't vacated w.r.m.) (noting that the principles underlying § 71.051 apply to common law forum non conveniens "[b]ecause the statute codified the common law").

Common law forum non conveniens has evolved into its present form. 1 McDonald & Carlson, *Texas Civil Practice* § 3:18 (2d. ed.); Carl Christopher Scherz, *Section 71.051 of the Texas Civil Practice and Remedies Code—the Texas Legislature's Answer to Alfaro: Forum Non Conveniens in Personal Injury and Wrongful Death Litigation*, 46 Baylor L. Rev. 99, 103 (1994). From the beginning, the doctrine was meant to protect defendants. "By the end of the nineteenth century,

English courts had 'accepted the doctrine of forum non conveniens as a means of preventing abuse of the court's process when the plaintiff's choice of forum is vexatious and works unnecessary hardship on the defendant.'" *Dow Chem. Co. v. Castro Alfaro*, 786 S.W.2d 674, 676 (Tex. 1990) (quoting Barrett, *The Doctrine of Forum Non Conveniens,* 35 Calif. L. Rev. 380, 388 (1947)). The doctrine "has always afforded great deference to the plaintiff's forum choice[,]" though it affords less deference to a nonresident's forum choice. *Pirelli Tire*, 247 S.W.3d at 675. It protects "defendants from being forced to litigate in oppressive and vexatious circumstances." *Id*. The doctrine of forum non conveniens,

> is nothing more or less than a supervening venue provision, permitting displacement of the ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined. But venue is a matter that goes to process rather than substantive rights—determining which among various competent courts will decide the case.

*Am. Dredging Co. v. Miller*, 510 U.S. 443, 453, 114 S. Ct. 981, 988, 127 L. Ed. 2d 285 (1994).

We find no cases discussing a plaintiff's waiver of forum non conveniens, but assuming the doctrine's applicability in these circumstances, we find instructive the standard that, in other contexts, "substantial invocation of the litigation process may amount to waiver." *Crosstex Energy Services, L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 394 (Tex. 2014). Waiver consists of the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *In re Nationwide*

–13–

*Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016). For example, a party waives a forum selection clause or a right to arbitration by substantially invoking the judicial process to the other party's detriment or prejudice. *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511–12 (Tex. 2015); *In re ADM Inv'r Servs., Inc.*, 304 S.W.3d 371, 374 (Tex. 2010).[4] Whether a party has substantially invoked the judicial process depends on the totality of the circumstances. *Perry Homes v. Cull*, 258 S.W.3d 580, 589–90 (Tex. 2008). The test applicable to arbitration clauses and forum selection clauses "embodies aspects of estoppel . . . ." *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 713 (Tex. 2016).

Though not "*merely* a 'venue matter[,]'" *Coca-Cola Co. v. Harmar Bottling Co.*, 218 S.W.3d 671, 687 (Tex. 2006) (emphasis added), forum non conveniens is, nevertheless, "a supervening venue provision . . . that goes to process rather than substantive rights[.]" *Miller*, 510 U.S. at 453. It is therefore subject to waiver if not properly raised. Though when it comes to arbitration, a party initiating a lawsuit is one factor among others to be considered in determining waiver, we think filing suit must weigh much more heavily in the forum non conveniens context. A party may file suit "in order to compel arbitration[,]" *Cull*, 258 S.W.3d at 592, so filing a

---

[4] We note that the United States Supreme Court has recently decided that the party asserting waiver of arbitration need not demonstrate prejudice. *See Morgan v. Sundance, Inc.*, --- U.S. --- , 142 S. Ct. 1708, 1714 (2022). The court reasoned that the general rule of waiver applied in the arbitration context because the "the FAA's 'policy favoring arbitration' does not authorize federal courts to invent special, arbitration-preferring procedural rules[,]" which is what the former prejudice requirement amounted to. *Id*. at 1713. Whether our supreme court will follow suit is an open question.

lawsuit is not necessarily conduct inconsistent with a claimed right to compel arbitration. But filing a lawsuit in a particular forum is necessarily inconsistent with a subsequent claim the forum is inconvenient.

Other jurisdictions have considered when a *defendant* waives reliance on forum non conveniens. California has no statutory time limit for filing a forum non conveniens motion, but it applies something like the arbitration waiver standard described above: "unreasonable delay that provides an unfair advantage to the moving party or that otherwise causes prejudice to the plaintiff is a factor that a trial court may consider in deciding whether the motion should be granted." *Wimbledon Fin. Master Fund, Ltd. v. Molner*, No. B276434, 2018 WL 1325618, at *13 (Cal. Ct. App. Mar. 15, 2018). Under New York law, "where a party to a contract has agreed to submit to the jurisdiction of a court, that party is precluded from attacking the court's jurisdiction on forum non conveniens grounds." *Sterling Nat. Bank as Assignee of NorVergence, Inc. v. E. Shipping Worldwide, Inc.*, 35 A.D.3d 222, 223 (N.Y. App. Div. 2006). We think this logic should apply with even more force to a party that submits to the jurisdiction of a court—not by contract—but by its voluntary decision to file suit.

Certain federal courts also consider "the timeliness of a motion to dismiss based on forum non conveniens" to prevent a party "from engaging in impermissible gamesmanship." *Est. of I.E.H. v. CKE Rests., Holdings, Inc.*, 995 F.3d 659, 665 (8th Cir. 2021). Without such a guardrail, "defendants could keep an ace up their sleeve

by adopting a wait-and-see approach, asserting forum non conveniens only after they have determined that litigation in a U.S. court is going poorly." *Id*. Such a possibility exists, too, when a plaintiff raises forum non conveniens. And while a plaintiff is free to nonsuit its claims, it cannot "control the fate of a non-moving party's independent claims for affirmative relief." *Villafani v. Trejo*, 251 S.W.3d 466, 469 (Tex. 2008). A plaintiff's nonsuit of claims against a defendant cannot nullify the defendant's claims against the plaintiff, and vice versa. *Id*. at 470.

Applying the above principles to the record before us, we must conclude appellees waived reliance on forum non conveniens with intentional conduct inconsistent with such a claim. *See Nationwide*, 494 S.W.3d at 712. Appellees substantially invoked the judicial process to appellants' detriment when they chose the forum and filed suit in Collin County, Texas, in 2017, alleging numerous causes of action against appellants. Appellees did not raise forum non conveniens until 2020—after the parties had litigated back and forth, and after the trial court had partially granted appellants' motion for summary judgment. Under these circumstances, allowing the plaintiff-appellees to use forum non conveniens—the point of which is to protect defendants from plaintiffs' vexatious forum choices[5]— to dismiss defendant-appellants' counterclaims would be to turn the doctrine on its head. Accordingly, we conclude the trial court abused its discretion by dismissing

---

[5] *Alfaro*, 786 S.W.2d at 676.

–16–

this case pursuant to appellees' forum non conveniens claim. We sustain appellants' first issue. Because that issue disposes of this appeal, we need not reach appellants' second issue. *See* TEX. R. APP. P. 47.1.

## III. Conclusion

Because we conclude the trial court erred by dismissing this case based on appellees' forum non conveniens claim, we sustain appellants' first issue. The trial court's order of dismissal is reversed, and we remand this cause to the trial court for further proceedings.

/Ken Molberg/
210125f.p05
KEN MOLBERG
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES SCOTT MUNRO,
AUDREY PEREZ, AND
INTRINSIC CAPITAL CORP.,
Appellants

No. 05-21-00125-CV      V.

AMANDIP JAGPAL, HARPREET
HAYER, WALTER PARIS,
Appellees

On Appeal from the 471st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 471-00924-
2017.
Opinion delivered by Justice
Molberg. Justices Reichek and
Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellants JAMES SCOTT MUNRO, AUDREY PEREZ, AND INTRINSIC CAPITAL CORP. recover their costs of this appeal from appellees AMANDIP JAGPAL, HARPREET HAYER, WALTER PARIS.

Judgment entered this 9th day of June 2023.